UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DALE A. NEASON, 21542,

   Plaintiff,

-v-

   DECISION AND ORDER
   09-CV-6327CJS

Captain BIENKO, Lieutenant PYJAS,
Sergeant GREEN, and Superintendent LIVINGSTON,

   Defendants.



## INTRODUCTION

Plaintiff, Dale A. Neason, proceeding *pro se* and *in forma pauperis*, has submitted an amended complaint (Docket No. 4), as directed by the Court. For the reasons discussed below, the Clerk of the Court is directed to amend the caption of the action to add the named defendant, Jane Doe #1, as pled in the amended complaint, but unless plaintiff files a second amended complaint as directed below, the claims against Superintendent Livingston, Jane Doe #2 and Jane Doe #3 will be dismissed with prejudice pursuant to 28 U.S.C. §1915A.

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

In directing plaintiff to amend his original claims, plaintiff was advised to state what the problem is with his medical care, and who did, or did not do, something they should have done with regard to his medical care. Further he was told that if he does not know the name of the person or persons who failed to provide him adequate medical care, he should name them in the caption, describe them in the facts section as "John Doe" or "Jane Doe," and describe their position at the facility or anything else he knows that would help to identify them. Finally, plaintiff was told that if the named defendants were involved in this denial of medical care, or some other constitutional violation, he should state what they have done, or failed to do, in relation to his claims.

A claim for denial of medical care rises to the level of a constitutional violation only where the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). The deliberate indifference standard has both an objective and subjective component.

Plaintiff's medical needs must be objectively serious. "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). In his amended complaint, plaintiff alleges that he is not receiving proper medical treatment including medication for high blood pressure, eye drops for his glaucoma which results in pain and inadequate mental health medication. Additionally, plaintiff alleges that he is not receiving needed mental health counseling.

For his claim to survive this initial review, plaintiff must also address the subjective component – that the prison official knew of and disregarded the excessive risk to the prisoners' health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Brock v. Wright*, 315 F.3d 158 (2d Cir. 2003); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). A prerequisite for liability under a §1983 claim is personal involvement by the defendants in the alleged constitutional deprivation. *Shomo v. City of New York, et al.*, 2009 WL 2462213 (2d Cir. 2009), citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Plaintiff alleges in his amended complaint that, an individual he identifies as a nurse, Jane Doe #1, was personally involved and had actual knowledge of plaintiff's medical care. Plaintiff's deliberate indifference claim may, therefore, go forward at this time against Jane Doe #1, once she is identified. Jane Doe #1 is to be added as a defendant.

Plaintiff also alleges denial of medical care by defendants Green, Bienko and Pyjas. Plaintiff's deliberate indifference claim may go forward at this time against defendants Green, Bienko and Pyjas.

Plaintiff alleges denial of medical treatment by Jane Doe #2 and Jane Doe #3, but does not state who they are, how to identify them, or any personal involvement they had in the alleged denial of medical treatment. Plaintiff also lists Superintendent Livingston as a defendant in the amended complaint yet states no allegations whatsoever regarding Livingston. If Jane Doe #2, Jane Doe #3, and/or Superintendent Livingston were involved in the denial of medical care, or some other constitutional violation, plaintiff should state what they have done, or failed to do. Additionally, plaintiff must for Jane Doe #2 and Jane Doe #3 name them in the caption of the case and in the facts

3

section describe their position at the facility and anything else he knows that would help to identify them.

## CONCLUSION

For the reasons set forth above, plaintiff's claims against Jane Doe #1 may go forward once she is identified. Jane Doe #1 is to be added as a defendant. Plaintiff's claims may also go forward at this time against defendants Green, Bienko and Pyjas.

Plaintiff's claims against Jane Doe #2, Jane Doe #3 and Superintendent Livingston must be dismissed pursuant to 28 U.S.C. § 1915A unless plaintiff files a second amended complaint by **September 29, 2009** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's second amended complaint must include all of the allegations against each of the defendants regarding the claims he seeks to raise in this amended complaint, so that the second amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file a second amended complaint as directed, claims against defendant Livingston, Jane Doe #2 and Jane Doe #3 will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

4

## ORDER

IT HEREBY IS ORDERED, that plaintiff is granted leave to file an amended complaint as directed above by **September 29, 2009**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the amended complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file a second amended complaint as directed above by **September 29, 2009**, plaintiff's claims against Jane Doe #2, Jane Doe #3 and Superintendent Livingston will be dismissed with prejudice without further order of the Court; and

FURTHER, that the Clerk of the Court is directed to add Jane Doe #1 as a defendant in the caption of this action.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: August 24, 2009
Rochester, New York

5