UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DALE A. NEASON,

                Plaintiff,

v.

CAPTAIN BIENKO, et al.,

                Defendants.

DECISION & ORDER

09-CV-6327CJS

---

Plaintiff has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by denying him proper medical care. (Docket # 6). Currently before this Court is plaintiff's second motion for the appointment of counsel. (Docket # 15). In addition, plaintiff has complained to this Court that he has not received certain medical and classification records from defendants. (*Id.*).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal

issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. It is therefore the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 15)** is **DENIED without prejudice** at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

With respect to plaintiff's complaint that he has not received certain medical and classification records, a review of the docket reveals that on July 19, 2010 defendants filed Rule 26 initial disclosures with this Court that purport to contain plaintiff's classification and medical records. (Docket # 16). If upon review of the disclosed materials plaintiff believes that defendants' production is incomplete, he may file a motion to compel further disclosure. All motions must clearly state the relief requested and the movant's basis for believing he is entitled to the requested relief.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
        July  26 , 2010