UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DALE A. NEASON,

                Plaintiff,

      v.

CAPTAIN BIENKO, et al.,

                Defendants.
_____

DECISION & ORDER

09-CV-6327CJS

        Plaintiff has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by denying him medical care for a serious medical condition. (Docket # 6). Currently before this Court is plaintiff's sixth motion for the appointment of counsel. (Docket # 32).

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

    5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal

issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial.  The Court further notes that defendants have filed a motion for summary judgment that is pending before the district court.  (Docket # 27).  Should that motion be denied and the case proceed to trial, the district court may determine whether to appoint counsel to represent plaintiff at trial.  It is therefore the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 32)** is **DENIED without prejudice** at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

Plaintiff also states that he has not received "the medical records from Dr. Rodman[,] eye doctor[,] or the [d]isposition which the County Attorney was to prepare." (Docket # 32).  If plaintiff believes he is entitled to those documents as discovery, he must file a motion to compel under Rule 37 of the Federal Rules of Civil Procedure describing the documents he seeks and his basis for believing that he is entitled to them.

**IT IS SO ORDERED.**

        _s/Marian W. Payson_
        MARIAN W. PAYSON
        United States Magistrate Judge

Dated:  Rochester, New York
       April   15   , 2011